UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
DALLAS DIVISION

| | | |
|---|---|---|
| MEREDITH BLEDSOE | ' | |
| | ' | |
| **Plaintiff,** | ' | |
| | ' | **CIVIL ACTION NO. 3:21-cv-1191** |
| v. | ' | |
| | ' | |
| EVERSANA LIFE SCIENCE | ' | |
| SERVICES, LLC | ' | **JURY TRIAL DEMANDED** |
| and | ' | |
| APRECIA PHAMACEUTICALS, | ' | |
| LLC, A DIVISION OF PRASCO | ' | |
| LABORATORIES, INC. | ' | |
| | ' | |
| **Defendants.** | ' | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Meredith Bledsoe ("Bledsoe" or "Plaintiff"), complains of Defendants, Aprecia Pharmaceuticals, LLC, a Division of Prasco Laboratories ("Aprecia"), and Eversana Lfe Science Services, LLC ("Eversana") collectively ("Defendants"). For causes of action Plaintiff would show the Court as follows:

## I.

## INTRODUCTION

1.01    Plaintiff was wrongfully terminated by Defendants Eversana and Aprecia immediately after she returned from maternity leave for reasons that are utterly pretextual and a cover up for discrimination and retaliation in response to Plaintiff's pregnancy in violation of Section 704(a) of Title VII of the Civil Rights Act and Chapter 21 of the Texas Labor Code.

1.02    Consequently, Plaintiff has suffered damages in the form of lost wages and emotional distress.  Plaintiff has also been forced to incur costs and attorney's fees by bringing the instant action.

## II.

## PARTIES

2.01    Plaintiff, Meredith Bledsoe is an individual who resides in and is a citizen of the State of Texas.  Plaintiff can be contacted through her undersigned counsel.

2.02    Defendant, Aprecia, a Division of Prasco Laboratories, Inc., is a for-profit drug delivery technology platform company that develops and promotes medicines that are easier for patients to take  and thereby transform the patient and caregiver experience by reducing pill burden. Aprecia's main clients are doctors' offices and hospitals. Aprecia is a foreign limited liability company organized under the laws of Delaware, and is authorized to do business in Texas. Aprecia's headquarters are located at 10901 Kenwood Road, Blue Ash OH 45242. Aprecia may be served through its registered agent, Corporation Service Company dba CSC-Law, located at 211 E. 7th Street, Suite 620, Austin, TX 78701, or wherever found.

2.03    Defendant, Eversana Life Science Services, LLC (previously known as Dohmen Life Science Services and owned by LSCS Holdings, Inc.) is a provider of commercial solutions and patient support services to the life sciences industry. It offers regulatory and management consulting, research, medical communication, pharmacovigilance, marketing, revenue management, and other services. Eversana is a for Foreign Limited Liability Company organized under the laws of Wisconsin.  Eversana's headquarters are located at 190 N. Milwaukee Street, Milwaukee Wisconsin, 53202, and may be served through its registered agent Corporation Service

Company dba CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, or wherever found.

## III.

## JURISDICTION AND VENUE

3.01    This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action involves a question of the application of federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3.02    Plaintiff has filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and Texas workforce Commission has received a Notice of Right to Sue authorizing her to proceed with the instant action.

3.03    Pursuant to 28 U.S.C. §1391, venue for all causes of action stated herein lies in the Northern District of Texas because the acts and omissions of Defendant on which Plaintiff's claims are based, took place in whole or in part within the boundaries of this district.

## IV.

## BACKGROUND FACTS

4.01    Plaintiff is an experienced pharmaceutical sales representative and consultant.

4.02    Eversana operates as a third-party administrator of Aprecia's sales force. Eversana assumes responsibility for compensating and assigning these pharmacists and representatives to perform various functions for Aprecia.  Eversana also had the authority to direct Plaintiff to perform certain functions for Aprecia and terminate Plaintiff's employment.

4.03    On or about October 1, 2019, Eversana hired Plaintiff to serve as Aprecia's Neurology Specialty Sales Representative. Plaintiff's duties were to promote and sell Aprecia's

products to doctors' offices, clinics and hospitals.  Plaintiff's assigned sales territory consisted of Dallas and Fort Worth, Texas.  Plaintiff was paid directly by Eversana for the work to be performed for Aprecia.

4.04     After she was hired by Eversana, Plaintiff immediately began working for Aprecia by calling on doctors' offices and hospitals to promote Aprecia's products.

4.05     Throughout her employment Plaintiff was accountable to both Eversana and Aprecia.  Both Defendants controlled Plaintiff's terms and conditions of her employment.

4.06     Plaintiff's supervisor at Aprecia was Lynda Harker ("Harker"). Plaintiff was recruited by Gaylord Van Guilder ("Van Guilder"),  who was also employed by Aprecia.

4.07     At all times relevant herein, Eversana and Aprecia were joint employers that controlled Plaintiff's terms and conditions of employment.

4.08     Plaintiff was very successful in her job. She networked extensively with doctors' administrative support staff and medical staff to promote and sell Aprecia's products.

4.09     Frequently, when the doctor was not available, Plaintiff would discuss the product with the medical support staff and leave her card and a message with the receptionist requesting that the doctor call her back to discuss the product. This method proved extremely successful. Plaintiff generated considerable income for Aprecia through her networking.

4.10     This was a common practice employed by many pharmaceutical sales representatives to promote products.  Several pharmaceutical representatives at Aprecia used this same method.  Plaintiff would always document her calls to each medical facility to keep track of where she had called.

4.11     In September 2019, Plaintiff notified Van Guilder that she was pregnant. Van Guilder directed Plaintiff to immediately tell Harker that she was pregnant.  Plaintiff promptly did

as she was told.

4.12    After Plaintiff disclosed her pregnancy to Defendants, Harker repeatedly asked Plaintiff whether she was going to have more children in the near future. Plaintiff avoided answering this question.

4.13    Prior to leaving on maternity leave, Plaintiff met with Eversana's Human Resource Manager, Kevin Horak ("Horak") to make sure that the paperwork for Plaintiff's maternity leave was in order.  Horak told Plaintiff that everything was in order for a smooth transition "if you come back".  Plaintiff replied that she fully intended to return to work following maternity leave.  Horak then told Plaintiff that he would ask her if she was coming back after maternity leave.

4.14     During a ride along on Martin Luther King Day, 2020, Harker interrogated Plaintiff about her future plans and whether Plaintiff intended to have more children.

4.15    On April 24, 2020, Plaintiff returned from maternity leave to resume her duties for Aprecia through Eversana.  Upon Plaintiff's return to work, Harker told Plaintiff that she needed to attend a telephonic conference on April 27, 2020.

4.16    On the telephone call that took place on April 27, 2020. On the call, Plaintiff was interrogated and accused of wrongdoing, which she denied.  Specifically, Harker accused her of logging calls for doctors and staff when in fact she had only spoken to the staff because the doctor was not available.  Plaintiff explained that this was not only her past practice, but that it was the practice of others who also worked for the Defendant.  Plaintiff further explained that this practice had proved to be very lucrative for the Defendant.

4.17    Harker and Horak told Plaintiff that they would get back to her on May 1, 2020. When Plaintiff telephoned back on May 1, 2020, Harker and Horak were again on the call. They

told Plaintiff that she was terminated for falsifying sales calls to doctor's offices, when she had not specifically talked to the doctor, but only to the doctor's staff.

4.18    Plaintiff was never advised that her calling the staff as opposed to the doctor did not qualify as a sales call, or that her recording of the same as a sales call was a terminable offense.

4.19    Plaintiff had made no secret of this practice and was never previously counseled or disciplined for reporting her communications with the medical staff or support staff as a sales call. On the contrary, this was a common practice that several pharmaceutical sales representatives at Aprecia did on a regular basis without any adverse consequences.

4.20    Defendants' stated reason for terminating Plaintiff's employment is a pretext for discrimination and retaliation against Plaintiff for taking maternity leave.

4.21    When Plaintiff applied for unemployment benefits, Defendants reported that Plaintiff was terminated because Texas is a right to work state.  Defendants did not urge the fact that Plaintiff was terminated for not following a procedure that clearly did not exist.  This is further evidence of pretext.

4.22    As a direct result of Defendants' actions, Plaintiff has suffered lost wages and emotional distress.  Plaintiff has also had to retain the services of an attorney to pursue this claim of discrimination and retaliation.

**V.**

**CAUSES OF ACTION**

**FIRST COUNT**

**<u>DISCRIMINATION BECAUSE OF SEX AND PREGNANCY RELATED CONDITION IN VIOLATION OF SECTION 707(A) OF TITLE VII OF THE CIVIL RIGHTS ACT</u>**

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    At all times relevant herein, Defendants were joint employers over Plaintiff insofar as they both controlled the terms and conditions of her employment and her maternity leave. Defendants therefore are covered employers under the Title VII of the Civil Rights Act.

5.03    Plaintiff filed a timely charge of discrimination with the EEOC and the Texas Workforce Commission, Civil Rights Division. Plaintiff received a Notice of Right to Sue within 90 days of the filing of this Petition.

5.04    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.    Plaintiff was discharged from employment with Defendant and suffered damage in the form of lost wages and benefits; and

b.    Plaintiff suffered severe mental anguish, emotional distress and attorney's fees.

5.05    Plaintiff is entitled to an award of attorney and expert fees and costs.

5.06    Defendants violated the Labor Code by discharging Plaintiff and/or discriminating against Plaintiff in connection with terms, conditions or privileges of employment because of Plaintiff's sex and pregnancy related condition.

5.07    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## DISCRIMINATION BECAUSE OF SEX AND PREGNANCY RELATED CONDITION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE

6.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02    Aprecia and Eversana each employs at least (15) employees and is an employer within the meaning of the Texas Human Rights Act.

6.03    All conditions precedent to filing this action for discrimination under Texas state law have been met.  Plaintiff timely filed her charge of discrimination alleging sex discrimination.

6.04    Plaintiff is an employee within the meaning of the Labor Code and belongs to a class protected under the statute, namely females.  LAB §21.051; §21.106

6.05    For purposes of this litigation, Defendants Eversana and Aprecia are joint employers within the meaning of the Labor Code.  LAB §21.002(8).

6.06    Defendants intentionally discriminated against Plaintiff because of her sex and pregnancy related condition in violation of the Labor Code by creating a work environment hostile to women.  Plaintiff's sex/gender/pregnancy were a motivating factor in the discrimination against Plaintiff.

6.07    This action is being filed more than 180 days after Plaintiff's termination.

6.08    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

a.    Plaintiff was discharged from employment with Defendant and suffered damage in the form of lost wages and benefits; and

b.    Plaintiff suffered severe mental anguish and emotional distress.

6.09    Plaintiff is entitled to an award of attorney and expert fees and costs under the Labor Code.  LAB §21.259.

6.10    Defendants violated the Labor Code by discharging Plaintiff and/or discriminating against Plaintiff in connection with terms, conditions or privileges of employment because of Plaintiff's sex and pregnancy related condition.

6.11    Such discrimination by Defendants against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's state protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VII.

### JURY DEMAND

7.01    Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant as follows:

(1)    Compensatory damages for future pecuniary loss, inconvenience, loss of enjoyment of life, other non-pecuniary losses, including, damages for past and future mental anguish, emotional distress, and physical distress;

(2)    Judgment for actual damages in the amount of back pay and front pay, benefits, past and future lost earnings and benefits and damages to past and future earnings capacity;

(3)    Exemplary damages in an amount to be determined by the trier of fact;

(4)    Attorneys' fees and expert fees;

(5)    Prejudgment and post-judgment interest at the maximum legal rate;

(6)   All costs of court; and

(7)   Such other and further relief to which Plaintiff may be justly entitled.

Dated:  This 24th day of May 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By:   /s/ *Nicholas A. O'Kelly*
NICHOLAS A. O'KELLY
State Bar No. 15241235
nao@kilgorelaw.com
**KILGORE LAW CENTER**
3019 Carlisle Street
Dallas, TX  75204-2471
(214) 969-9099 Telephone
(214) 953-0133 Facsimile

**ATTORNEY FOR PLAINTIFF,
MEREDITH BLEDSOE**